UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES OF AMERICA,

v.

JACOB CARGILL,

Defendant.

17-CR-142 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Jacob Cargill has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting "to be placed on home confinement" in light of the COVID-19 pandemic. Dkt. 562. The Government opposes the request. Dkt. 564. For the reasons that follow, Cargill's motion is denied.

## BACKGROUND

On December 13, 2018, Cargill pled guilty to two counts of conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Dkt. 537. He was sentenced on December 13, 2019. *Id*. In urging a Guideline sentence, the Government highlighted Cargill's six previous convictions, including two for robbery, and characterized Cargill as a "proud gang member." Dkt. 541 (Sentencing Tr.) at 9 (reporting that Defendant "bragged about . . . [g]ang membership, using guns, carrying guns, selling drugs"). The Government also noted that Cargill had sold firearms on two occasions during the course of this case, *id*. at 7, 16, and was planning to do so again shortly before he was arrested, *id*. at 9. The Court expressed concern about this conduct, stating that it was "most troubled by . . . the guns and the danger that they present[ed] to the community." *Id*. at 15. Considering this as well as other factors including Cargill's age, his upbringing, and his criminal

history—including the convictions for crimes of violence—the Court sentenced Cargill to seventy months of imprisonment followed by four years of supervised release. *Id*. at 22–23.

Cargill is currently housed at the Metropolitan Detention Center Brooklyn ("MDC"), where he has been incarcerated since April 20, 2017. Dkt. 564 at 1. He has 28 months left of his sentence of incarceration. *Id*. At MDC, Cargill has been sanctioned for disciplinary infractions nine times, including four times in the last eight months. *Id*. at 2 (citing Dkt. 564 Exhibit A).

Cargill complains of several health conditions that he asserts put him at an increased risk from COVID-19. He states that he has "severe asthma," Dkt. 562 at 3, for which he has been issued an inhaler, *id*. at 18. He also claims to have high blood pressure, *id*. at 5, Dkt. 551 at 2, although his medical records do not support this assertion, Dkt. 564 at 4 (citing Dkt. 564 Exh. B). And he further alleges that he suffers from mental health conditions including "P.T.S.D., insomnia, depression, claus[tro]phobia, nightmares," and suicidal tendencies. Dkt. 551 at 2. Cargill is also obese, with a body-mass index "slightly over 30." Dkt. 564 at 5.

In a letter to the Court dated July 6, 2020 Cargill requested to be moved to home confinement in light of the COVID-19 crisis. Dkt. 551. Because the authority to grant home confinement belongs exclusively to the BOP and not the courts, *United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 U.S. Dist. LEXIS 65914, 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020), the Court instead construed this letter as a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). It further advised Cargill to submit medical records and further information to the Court to the extent that he was relying on an underlying medical condition. *Id*. Cargill then sent another letter, dated August 3, 2020, again requesting compassionate release and home confinement. Dkt. 563. On August 29, 2020, Cargill submitted a more formal motion for compassionate released under 18 U.S.C. § 3282(c)(1)(A), accompanied by evidence that he had pursued his administrative remedies and excerpts from his medical records. Dkt. 562. On September 20, 2020, he mailed to the Court a fourth letter, accompanied by

further medical records. On October 6, 2020, the Government filed a brief in opposition to Cargill's motion, accompanied by his disciplinary record and medical records. Dkt. 564.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a term of imprisonment where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply. 18 U.S.C. § 3582(c)(1)(A). A court may do so "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

Because Cargill appears to have exhausted his administrative remedies, Dkt. 562 at 11–16, the Court considers the merits of his petition. And because the Government does not dispute that Cargill's health risks amount to "extraordinary and compelling" circumstances, Dkt. 564 at 5,[1] the Court focuses its analysis on the final two § 3852 factors. Neither factor supports a reduction in the defendant's sentence.

The Court finds that granting Cargill compassionate release would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In light of Cargill's extensive criminal history (which includes two prior convictions for violent crimes), his numerous disciplinary infractions (including for fighting), his sale of semi-automatic firearms, and involvement with a violent gang, the Court continues to view him as a danger to the community. His

---

[1] The Government disputes that Cargill's reported asthma and mental health issues cause him to be at an increased risk for COVID-19. Dkt. 564 at 3–5. There is no dispute, however, that the CDC considers a BMI over 30 to pose a definite heightened risk in light of COVID-19. *See* Dkt. 564 at 5. For this reason, the Court need not determine whether Cargill's other health conditions amount to "extraordinary and compelling" circumstances.

release would thus be inconsistent with policy statement U.S.S.G. § 1B1.13(2), which recommends a reduction in sentence only upon a showing that "the defendant is not a danger to the safety of any other person or to the community." For the same reason, the Court finds that a reduction in Cargill's sentence is not supported by the factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) directs courts to ensure, *inter alia*, that the sentence they impose "reflect the seriousness of [the defendant's] offense," "promote respect for the law," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes." 18 U.S.C. § 3553(a)(2). The Court finds that the these factors outweigh the consideration of Cargill's health conditions, and Cargill's motion is thus denied. *United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020).

## CONCLUSION

For the foregoing reasons, the Court denies Cargill's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 562 and 563. The Clerk of Court shall mail a copy of this Order to the defendant.

SO ORDERED.

Dated:   October 27, 2020
         New York, New York

                                             RONNIE ABRAMS
                                             United States District Judge